UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JULIUS RUCKS,<br><br>    Defendant. | No.  2:20-cr-001-KJM<br><br>ORDER DENYING DEFENDANT'S APPLICATION FOR FED. R. CRIM. P. 17(c) SUBPOENA |

    Before the court is defendant Julius Rucks' ("Defendant's") renewed ex parte application for the issuance of a subpoena duces tecum pursuant to Federal Rule of Criminal Procedure 17(c). Defendant seeks authorization to issue a subpoena to the Butte County Sheriff's Department for records related to the investigation and arrest that led to the federal charges he is currently facing. Though no trial date is scheduled yet, Defendant seeks these records to use for his general defense and at a limited evidentiary hearing on his pending motion to suppress.

    On July 27, 2022, the court denied without prejudice Defendant's previous ex parte Rule 17(c) request to subpoena the same materials.  (ECF No. 66 (filed under seal).)  Like that request, this renewed application was submitted ex parte, emailed directly to chambers and not filed on the docket.  For the following reasons, the application is again DENIED without prejudice; and this time the Clerk of the Court is directed to file the application, supporting materials, and this order on the public record.

## I. Ex Parte Status Is Denied

Defendant submitted his subpoena request ex parte and requests that his application and any order issued in response be filed under seal. Rule 17(c) contemplates proceeding ex parte with such applications upon a showing that disclosure would necessarily reveal defense strategy. See United States v. Tomison, 969 F. Supp. 587, 591 n.8 (E.D. Cal. 1997) ("[B]ecause they must demonstrate relevancy, specificity and admissibility, [applications for Rule 17(c) subpoenas] inevitably lay out the defendant's entire case as it stands at the time the subpoenas are sought."). However, defendant's application again fails to demonstrate good cause for ruling on his request ex parte, or resolving it under seal. Defendant provides nothing more than citations to the general rule that defendants should not be required to reveal their defense strategy by giving the government notice of their Rule 17(c) applications. In rejecting the prior Rule 17(c) application, the court cautioned defense counsel that to warrant ex parte treatment, any renewed Rule 17(c) request "must do more than simply state [counsel's] general 'concern[] that a request to the government for the records would disclose my defense strategy.'" (ECF No. 66 at 3 (quoting July 22, 2022 Rule 17(c) memorandum, docketed at ECF No. 66.1 ("Prior Memo") at 2).)

Again, this renewed application makes no specific argument as to why ex parte protection is required, or how the application or responsive materials would disclose defense strategy. To the contrary, the application reveals that defense counsel already sought from the government the same materials to be subpoenaed. The application states that "[t]he records sought here" "have already been the subject of a discovery request, and the government has not provided the materials." (August 3, 2022 Rule 17(c) memorandum ("Memo")[1] at 6.) Because the prosecution is already aware that Defendant is seeking the requested records, ex parte status is not warranted for this application. See United States v. Smith, 2020 WL 5763841, at *1 (E.D. Cal. Sept. 28, 2020) (denying ex parte status where defense counsel "has already disclosed this line of defense investigation to the government" by requesting from the prosecution most of the materials sought in the subpoena). Accordingly, Defendant's Rule 17(c) application, supporting materials, and this

---

[1] The Memo is dated July 22, 2022 (the date of the Prior Memo) but in fact was submitted to the court on August 3, 2022.

order will be filed publicly on the docket.

## II. The Application Is Denied Without Prejudice

Rule 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum. United States v. Nixon, 418 U.S. 683, 700 (1974); United States v. Komisaruk, 885 F.2d 490, 494 (9th Cir. 1989). A Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases." United States v. George, 883 F.2d 1407, 1418 (9th Cir. 1989) (quoting Nixon, 418 U.S. at 698). Thus, the applicant must establish a "substantial foundation" for the belief that the requested material exists and will be relevant and admissible. United States v. Reed, 726 F.2d 570, 577 (9th Cir. 1984). In meeting the specificity requirement, the movant must request specific documents and not entire categories of files since Rule 17(c) was not intended to "allow a blind fishing expedition seeking unknown evidence." Reed, 726 F.2d at 577 (quoting United States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981)).

Defendant's original Rule 17(c) application sought to subpoena the following records from the Butte County Sheriff's Department:

> any and all investigation reports, summaries, statements, activity reports, videos, in car camera footage, body worn camera footage, memos, wiretap audio, surveillance footage/audio, notes, case files, etc., related to the investigation and subsequent arrest of defendant Julius Rucks occurring on July 23, 2019 [identifying the Sheriff's report number and Superior Court case number].

(Prior Memo at 1.) The court rejected the application for failure to meet the Rule 17(c) requirements by (1) failing to explain each type of record's relevance to the upcoming evidentiary hearing or trial, (2) failing to identify any specific documents to be produced, as opposed to an open-ended list of various types of documents, and (3) thereby also failing to address the admissibility of any of the requested materials. (ECF No. 66.)

The present Rule 17(c) application makes more of an effort to show relevance but utterly fails to cure the overarching specificity problem. For starters, the present application no longer even includes a clear description of the records sought to be subpoenaed. The closest the present application comes to listing the records sought is to say that "[t]he government . . . has not included any of the original investigation documentation that led to the application for the Ramey

3

warrant, arrest and search of Mr. Rucks' home and person," and that "[s]uch reports, audio recordings, surveillance videos, and officer accounts" contain information "relevant to the defense." (Memo at 2.)  This leaves it unclear whether Defendant is still seeking the same full range of records listed in the above block quotation from the Prior Memo, or a slightly narrower set of pre-warrant "original investigation documentation."  The court cannot order the issuance of a subpoena that does not inform the recipient what it is being compelled to produce.

Momentarily putting aside this lack of clarity, the court considers Defendant's relevance argument—the only one of the three Nixon factors that Defendant's application addresses. Defendant explains that Butte County Sheriff Officers and federal agents arrested him at his home on July 23, 2019, pursuant to a Ramey arrest warrant signed by a judge on the Butte County Superior Court. (Memo at 1.)  A "Ramey warrant" is a warrant authorizing the arrest of a suspect at his residence before the filing of criminal charges by the district attorney.  See People v. Ramey, 16 Cal. 3d 263 (1976).  The Ramey arrest warrant was based on two agents' declaration(s) that there was probable cause to arrest Defendant for violating California Penal Code § 475(a) by selling counterfeit currency.  (Memo at 1, 2.)

Although Defendant was indeed arrested on July 23, 2019, he of course is not facing those state-law criminal charges in this federal case.  Rather, in this court, Defendant is charged with being an ex-felon in possession of multiple firearms in violation of 18 U.S.C. § 922 (g)(1), three counts of distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1), and one count of possession with intent to distribute fentanyl.  (ECF No. 61 at 1-2.)  These federal drug and gun charges stem from evidence seized during the search of Defendant's residence subsequent to his arrest on the Ramey warrant.

The undersigned's independent review of the docket shows that Defendant has moved to suppress all of the evidence seized or obtained in that residential search (ECF No. 56), and an evidentiary hearing is set on the motion before the assigned district judge on September 12, 2022 (ECF No. 69).  Importantly, the evidentiary hearing is set to determine "the narrow issue of whether [defendant] was arrested inside or outside of [his] home," since the location of the arrest impacts whether the ensuing residential search fell within the warrantless search exception for

protective sweeps of a residence incident to arrest.  (ECF No. 61 at 3-4.)

Defendant argues that the (loosely specified) investigatory records he wishes to subpoena from the Butte County Sheriff's Department are critical "for the purposes of preparation of the defense, potential impeachment and cross examination at the pending suppression motion." (Memo at 2.)  Defendant argues that the officers who made the declaration(s) to obtain the Ramey warrant will testify at the hearing; that it is his "belief that events occurred different from what is stated in the officer declarations"; and that the "requested information will prove these falsities." (Id.)  In a similar vein, defendant "believes that the requested information will show that there are false statements in the declaration of probable cause for the 'Ramey' arrest warrant and that without these false statements a warrant would not have been issued."  (Id.)  Therefore, Defendant argues the requested information is needed not only to prepare for the evidentiary hearing on the suppression motion, but also to "determine[] if a Franks motion is appropriate." (Id. at 2, 3.)

This relevance argument is an improvement on the prior application, which contained none at all, but still does not persuade the court that a Rule 17(c) subpoena should issue.  First, the court fails to see how the desired pre-warrant investigation records would shed light on the narrow issue to be decided at the upcoming evidentiary hearing:  whether the arrest ultimately occurred inside or outside defendant's residence.  Defendant gives no explanation of exactly how the requested records would help "prepare for the upcoming suppression motion."  (Memo at 3.)

Second, Defendant's argument that he needs the requested information to evaluate whether to bring a Franks motion is insufficient to warrant a Rule 17(c) subpoena.  As explained recently by Magistrate Judge Barnes on a Rule 16 motion to compel similar records:

> In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court held that a criminal defendant has a right to challenge the veracity of statements made in support of a search warrant.  To prevail under Franks, a defendant must establish: (1) that "the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant[,]" and, (2) "that the false or misleading statement or omission was material, i.e., necessary to finding probable cause." United States v. Perkins, 850 F.3d 1109, 1116 (9th Cir. 2017) (internal quotations marks and citation omitted).
>
> ///

> To obtain a Franks evidentiary hearing, defendant must make a "substantial preliminary showing" of these two elements. United States v. Kleinman, 880 F.3d 1020, 1038 (9th Cir. 2017) (internal quotation marks and citation omitted), cert. denied, 139 S. Ct. 113 (2018).

United States v. Walker, 2019 WL 2339904, at *2 (E.D. Cal. June 3, 2019).  Because it involved a Rule 16 motion to compel, rather than a Rule 17(c) subpoena request, Walker analyzed the corresponding "materiality" requirement for obtaining discovery under Rule 16(a)(1)(E) rather than the relevance requirement for Rule 17(c)(1).  See Fed. R. Crim. P. 16(a)(1)(E)(i) (requiring the government to permit inspection and copying if the item is within the government's possession and "the item is material to preparing the defense").  Judge Barnes highlighted that the Supreme Court in Franks "specifically noted that the requirement of a 'substantial preliminary showing' would prevent the 'misuse of a veracity hearing for purposes of discovery or obstruction.'"  Walker, 2019 WL 2339904, at *3 (quoting Franks, 438 U.S. at 170).  "In other words, the Court did not intend its expansion of the bases to challenge a search warrant to permit the defendant broad-based discovery of his criminal charges."  Id.  Based on Franks and other cases, Judge Barnes concluded that in order to obtain discovery to support a potential Franks motion, the defendant "must show more than a mere speculation that the discovery he seeks could provide information to support a Franks motion."  Id. at 4.

     The same reasoning applies squarely to evaluating Rule 17(c) arguments, like this one, about the relevance of pre-warrant investigatory records sought to be subpoenaed under Rule 17(c) rather than compelled through Rule 16.  The present application does no more than assert Defendant's general belief that the probable cause declaration(s) presented to the Superior Court contained false statements.  (Memo at 2.)  This is far too speculative to amount to a showing of relevance with respect to evaluating a Franks motion.  See United States v. Lam, 2008 WL 191420, at *2-3 (N.D. Cal. Jan. 22, 2008) (based on Franks concern with misuse of discovery for challenging a warrant, rejecting as speculative defendant's argument on Rule 16 motion that the discovery sought was "helpful to the defense in the context of a motion to suppress"; also recognizing the difficulty of showing materiality for information that defendant does not have); United States v. Dossman, 2006 WL 2927484, at *2-3 (E.D. Cal. Oct. 12, 2006) (denying both

discovery under Rule 16(a)(1)(E) and subpoena under Rule 17(c) where defendant speculated that records might show officers were lying and "offer[ed] nothing to show that the supposed documents or items would assist him in proving this accusation").  Therefore, the present application again fails to demonstrate the relevance of the requested materials.

Returning to the specificity factor, which the renewed application does not even attempt to argue, the current application looks just as much like a prohibited "fishing expedition" as did the original.  Although, as noted above, the description of the requested material is now absent, it seems that Defendant, in effect, at least continues to seek "any and all" records of various sorts related to the investigation leading up to his arrest—as opposed to requesting "specific evidentiary items."  See United States v. Reyes, 239 F.R.D. 591, 606 (N.D. Cal. 2006) ("A demand for any and all documents relating to several categories of subject matter . . . rather than specific evidentiary items, suggests the subpoena's proponent seeks to obtain information helpful to the defense by examining large quantities of documents, rather than to use Rule 17 for its intended purpose—to secure the production for a court proceeding of specific admissible evidence." (internal quotation omitted)); see also Reed, 726 F.2d at 577 (finding an "insubstantial showing of . . . specificity" where the defendant "did not request specific documents, but sought entire arson investigation files").  It appears that Defendant wishes to use this broad subpoena to see if there is anything to his theory that the arrest warrant was improperly issued.  "A specific theory of defense, however, is not the same thing as a request for specific information." Reyes, 239 F.R.D. at 606.  Accordingly, Defendant's subpoena request is denied.

Having now twice denied Defendant's Rule 17(c) applications for the same requested material, the court is skeptical that Defendant can make the requisite showing to support issuing a subpoena.  Nevertheless, the court enters this denial without prejudice to a further (final) renewal of the motion.  If counsel does not have specific, articulated reasons for ex parte treatment, any renewed motion for these materials shall be filed on the docket as a standard motion, noticed for hearing before the appropriate Criminal Duty magistrate judge.

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's ex parte application for the issuance of a Rule 17(c) subpoena duces tecum is DENIED WITHOUT PREJUDICE; and

2. The Clerk of the Court shall file the present application, supporting materials, and this order on the public docket.

IT IS SO ORDERED.

Dated:  August 5, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ruck.001